46 CCPA

### Application of Albin S. ROCK.
### Patent Appeal No. 6434.

United States Court of Customs and Patent Appeals.

June 30, 1959.

L. G. Miller, Boston, Mass. (Emery, Booth, Townsend, Miller & Weidner, Boston, Mass., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (D. Kreider, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge ALEXANDER HOLTZOFF.[1]

RICH, Judge.

This appeal is from the decision of the Board of Appeals of the United States Patent Office affirming, after reconsideration, the examiner's rejection of all the claims, namely 1, 2, and 3, of the application of Albin S. Rock, Serial No. 363,-020, filed June 22, 1953, entitled "Buffing Wheel."

Claim 1, which is representative, follows:

"A buffing wheel section comprising an annulus of relatively great radial depth and small axial width and having a dense inner periphery and a tortuously undulated outer periphery, the annulus composed of a multiplicity of plies of normally flat bias fabric set on edge and sewn together in face to face contacting relationship of the individual plies between the inner and outer circumference throughout a major portion of its radial depth by stitching extending along lines having at least a major directional component circumferential to the wheel, the plies having inherently a greater length than the circumference of the annulus, but being upset by circumferential compression into crumplings providing a substantially completely compacted mass at the inner periphery of the annulus and a tortuously undulated outer periphery, which when laterally unrestrained is of greater width axially of the wheel than the

---

1. United States District Judge of the U. S. District Court for the District of Columbia, designated to participate *in place of* *Judge O'Connell,* pursuant to the provisions of Title 28 United States Code § 292(d).

inner periphery, the seams of the sewing partaking of the undulations."

The claims on appeal relate to a buffing wheel section adapted to be assembled with other similar sections on a spindle to form a buffing wheel of desired face width. The sections are produced by winding a strip of bias cut fabric upon a cylindrical form in a plurality of layers. The multilayered cylinder of fabric, after being spirally stitched to secure the layers together, is placed upon two cylindrical forms of equal diameter spaced by a section of reduced diameter. The cylinder of fabric is then pulled inwardly at the section of reduced diameter forming two disk shaped members of crinkled form secured together at the point of least diameter, the amount of crinkling depending upon the degree of reduction.

The references relied upon are:

| | | |
|---|---|---|
| Hall | 2,034,576 | Mar. 17, 1936 |
| Hall | 2,450,793 | Oct. 5, 1948 |
| Sax | 2,468,686 | Apr. 26, 1949 |
| Davies | 2,642,706 | June 23, 1953 |

The Davies patent, which is the principal reference, is the only one necessary to consider. It discloses a buffing wheel section made up of two layers of fabric wound about a split cylindrical drum and constricted in the manner described above to transform the fabric into two disks. Davies discloses that this constricting will draw the fabric into a substantially flat surface at right angles to the axis of the drum and "of necessity this will result in pleats * * * which pleats are heaviest closest to the core * * *."

Appellant contends that critical limitations in the appealed claims which distinguish over the art of record are; (1) a "tortuously undulated outer periphery," (2) plies which have "inherently a greater length than the circumference of the annulus" (the circumference of the finished wheel), (3) an outer periphery which is of greater width axially of the wheel than the inner periphery, and (4)

the "seams of the sewing partaking of the undulations."

The Davies reference clearly illustrates a finished buffing wheel section having a wavy or undulating outer periphery. Appellant's limitation to a "tortuously undulated outer periphery" reads on this construction. Appellant argues that the Davies reference cannot be regarded as anticipatory of this feature despite this showing because the illustration in the patent drawing does not conform mathematically to the directions found in the Davies specification for making his buffing wheel section. Appellant argues that Davies desires to make a wheel section with an outside diameter of 16 inches using a strip of fabric 11 inches wide and 100 inches long by wrapping the fabric around the drum completely twice. From these dimensions appellant calculates that the drum must be 50 inches in circumference and, therefore, has a diameter of 16 inches, the same diameter as the finished wheel section (tenths of an inch he says, being of no significance). Appellant concludes that since the outer diameter of the resultant wheel section of Davies is the same as the diameter of the cylinder of fabric from which it is formed there can be no tortuously undulated form in the outer periphery and the plies cannot have an inherently greater length than the circumference of the annulus because the diameter cannot be kept the same if kinks are put in it.

Appellant's argument fails for the following reasons: (1) Davies specifically states that the fabric layers in his buffing wheel section do not lie in planes normal to the axis of the wheel, but are "wavy due to the folds or pleats," agreeing with the illustration in his patent drawing. (2) Davies further states that the outside diameter of the fabric cylinder is "approximately sixteen inches," and "about eleven inches wide" indicating that appellant's premise does not involve exact measurements but, rather, could fall into a range sufficient to render his conclusion meaningless. Appellant

has not, in our opinion, distinguished over Davies in regard to limitations 1 and 2, supra.

Referring to limitations 3 and 4, appellant states, without supporting argument, that they clearly distinguish his claims from the Davies reference. Davies stitches muslin panels along the outer edge portion of a bias-cut strip of sisal fabric, in preparing the material for his buffing wheel section. It appears obvious to us that this stitching results in seams holding plies together in face to face relationship which must "partake of the undulations" in the finished wheel section, for the stitching follows the fabric. As to the outer periphery of the wheel section having a greater width axially than the inner periphery, when laterially unrestrained, Davies' illustration of a finished wheel section indicates that disk panels used on each side of his wheel section to retain a core inserted in the inner periphery are closer together than the width of the outer periphery. Appellant's limitations, 3 and 4, in our opinion, also read on Davies. Though appellant's product appears different in many respects from the product described in the Davies patent, appellant's claims do not clearly distinguish therefrom.

The decision of the Board of Appeals is affirmed.

Affirmed.